LUELLA LOWE, as Administratrix of the Estate of RALPH D. LOWE, Deceased, Plaintiff, *v.* WESTERN EXPRESS COMPANY et al., Defendants.

Supreme Court, Special Term, Erie County, March 21, 1947.

*Archibald M. Laidlaw* for plaintiff.

*Howard H. Starrett* for Western Express Company, defendant appearing specially.

WARD, J. The defendant, the Western Express Company, appears specially and moves for an order setting aside the service

of the summons and complaint herein upon the defendant, the Western Express Company, and declaring such service to be null and void upon the ground that the defendant, the Western Express Company, is a nonresident of the State of New York and that the summons and complaint was not served upon an officer of the defendant, the Western Express Company, in the State of New York, and that the attempt to effect service upon the defendant, the Western Express Company herein, under the provisions of section 52 of the Vehicle and Traffic Law of the State of New York is null and void.

A semitrailer owned by the defendant, the Western Express Company, was being drawn over a public highway in the State of New York by a motor truck (tractor), to which it was attached, owned by another defendant herein and driven by the remaining defendant. This combined vehicle collided with the automobile of the plaintiff's intestate, June 19, 1945, causing his death.

The plaintiff complied with all the provisions of section 52 of the Vehicle and Traffic Law of the State of New York in attempting service of the summons and complaint upon the defendant, the Western Express Company. The defendant, the Western Express Company, moves against this service on the ground that section 52 of the Vehicle and Traffic Law of the State of New York is confined to service upon a nonresident owner of a motor vehicle or motorcycle involved in any accident or collision while operating a motor vehicle or motorcycle within the State of New York, and does not include service upon nonresident owners of other vehicles being operated within the State of New York.

The Court of Appeals in a very exhaustive opinion (*Hennessy v. Walker*, 279 N. Y. 94) has determined that the Legislature intentionally and definitely distinguished between motor vehicles and other vehicles. At pages 101–102 thereof, the court said: " Thus it is clear that the purpose and intent of the Legislature was separately to classify motor vehicles, trailers and other kinds of vehicles and to extend liability by section 59 to an owner of a *motor vehicle* or of a *motorcycle,* as separate and distinct kinds of vehicles, for negligence of others in their operation. The literal wording of the statute so indicates; reading the Vehicle and Traffic Law as a whole makes such a construction imperative. So read, the mischief to be remedied was cured. The mere fact that a trailer is hitched to and drawn by a motor vehicle does not change its character as a separate and distinct vehicle or make it a motor vehicle or in part a motor vehicle

within the meaning of section 59. No decision to the contrary has been called to our attention."

Undoubtedly, the Legislature of the State of New York took notice of this decision, for at the next session of the Legislature, it enacted section 59-a of the Vehicle and Traffic Law (L. 1939, ch. 472). This section extended the statutory liability of section 59 to the owner of a trailer or semitrailer when being towed in this State.

Neither this section nor any other section of the Vehicle and Traffic Law extends section 52 of the Vehicle and Traffic Law so that the nonresident owner of a trailer or semitrailer may be served in the same manner as an owner or operator of a motor vehicle or motorcycle. The language of section 59-a is interesting. Therein the Legislature continues to distinguish between autotrucks and autotractors (motor vehicles) and trailers and semitrailers. When combined, it refers to the combination as " one vehicle " and also limits that description " For the purposes of this section ", not " this chapter " or " this article ".

Had the Legislature intended to include service upon a nonresident owner of a semitrailer or trailer in accordance with the provisions of section 52 of the Vehicle and Traffic Law, a simple change in the language of section 59-a of the Vehicle and Traffic Law as follows would have implemented such intent, to wit: " For the purpose of this CHAPTER, the auto truck or auto tractor, when being operated in combination with a trailer or semitrailer shall be deemed one Motor Vehicle and the operator, while acting in the scope of his employment shall be deemed the agent of each and the operator of the combined Motor Vehicle."

If such language be unsuitable to other sections of the Vehicle and Traffic Law of the State of New York, the Legislature, if it so intended, could have included the operation of trailers or semitrailers within the body of section 52 of the Vehicle and Traffic Law and thus have permitted the service attempted herein.

Whether the Legislature failed to legislate as above by intent or inadvertence is of no moment to this court. It has not done so; this court cannot do so.

The motion of the defendant, the Western Express Company, made upon its special appearance herein, is granted.

Prepare and submit order.