THERESA WILSON, an Infant, by FRANCES WILSON, Her Guardian ad Litem, et al., Plaintiffs, *v.* WILLIAM HEIDENREICH et al., Defendants.

Supreme Court, Special Term, Kings County, November 16, 1951.

*Thomas F. Keane* for defendants appearing specially.

*Markowitz & Shapiro* for plaintiff.

WALSH, J. Defendants Heidenreich and Glasser move to vacate the service of the summons and complaint made upon them. Service was made by serving the Secretary of State pursuant to section 52 of the Vehicle and Traffic Law.

The vehicle involved in the alleged accident owned by defendant Glasser and operated by defendant Heidenreich, is evidently a tractor used for agricultural purposes but at the time of the accident it was being operated on the public highway.

Section 52 of the Vehicle and Traffic Law only applies to service upon a nonresident owner of a *motor vehicle* or *motorcycle* involved in an accident in the State of New York. It does not provide for service of process upon nonresident owners of other vehicles being operated within the State (*Lowe* v. *Western Express Co.*, 189 Misc. 177).

Subdivision 8 of section 2 of the Vehicle and Traffic Law provides: " ' Motor vehicle ' shall include all vehicles propelled by any power other than muscular power, except * * * tractors used exclusively for agricultural purposes ''.

In the absence of a showing that this agricultural tractor was being used for nonagricultural purposes, plaintiffs cannot

avail themselves of the provisions of section 52 of the Vehicle and Traffic Law permitting service upon a nonresident owner of a *motor vehicle*. Mere operation of such a tractor upon a public highway is not proof of nonagricultural use.

The motion to vacate the service is granted. Settle order.